UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTHONY DEWAYNE PARKER,

               Petitioner,

      v.

RON HAYNES,

               Respondent.

CASE NO. 3:20-CV-5068-RJB-DWC

REPORT AND RECOMMENDATION

Noting Date: September 4, 2020

       The District Court has referred this action, filed pursuant to 28 U.S.C. § 2254, to United States Magistrate Judge David W. Christel. Presently before the Court is Petitioner Anthony Dewayne Parker's Motion to Stay and Abey ("Motion to Stay") and "Motion to Voluntary (sic) Withdraw" ("Motion to Withdraw"). Dkt. 25, 26. After reviewing the relevant record, the undersigned recommends the Motion to Withdraw be granted, the Motion to Stay be denied as moot, and this case be dismissed pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

## I.    Background

Petitioner initiated this case on January 27, 2020. Dkt. 1. The Court directed service of the Petition on February 28, 2020. Dkt. 5. Respondent Ron Haynes filed an Answer to the Petition and the relevant state court record on April 6, 2020. Dkt. 10-17. The Court determined Respondent did not respond to all grounds for relief raised in the Petition and, on June 10, 2020, directed Respondent to file a supplemental response to the Petition. Dkt. 23. Respondent filed a Supplemental Answer asserting the Petition contained both exhausted and unexhausted grounds and was, therefore, a mixed petition subject to dismissal. Dkt. 24.

On July 20, 2020, Petitioner filed the Motion to Stay requesting the Court stay this case to allow Petitioner an opportunity to exhaust all grounds raised in the Petition. Dkt. 25. Eight days later, on July 28, 2020, Petitioner filed the Motion to Withdraw stating he would like to voluntarily withdraw his Petition without prejudice in order to address additional issues with the state court and to exhaust all his state remedies. Dkt. 26. Petitioner also requested the Court withdraw the Motion to Stay. *Id*. Respondent filed a Response on August 3, 2020. Dkt. 27.

## II.    Discussion

Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action may be dismissed. Courts have held Rule 41 applies to § 2254 cases. *See Orozco v. California Dep't of Corr.*, 2017 WL 6626637, at *4 (C.D. Cal. Dec. 28, 2017) (applying Rule 41 to a § 2254 action); *Williams v. Clarke*, 82 F.3d 270, 273 (8th Cir. 1996) ("a Rule 41(a)(1) voluntary dismissal is both appropriate and consistent with the rules governing habeas cases").

Under Rule 41(a)(1), an action may be voluntarily dismissed without prejudice by the petitioner if the petitioner files a notice of dismissal before the respondent files an answer or summary judgment motion and the petitioner has not previously dismissed an action "based on

1  or including the same claim." Fed.R.Civ.P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688,

2  692 (9th Cir. 1997). Once the respondent has responded to the complaint, the action may only be

3  dismissed by stipulation of dismissal signed by all parties who have appeared or "by court order,

4  on terms that the court considers proper." Fed.R.Civ.P. 41(a)(1), (2). The Court should grant a

5  motion for voluntary dismissal unless the opposing party will suffer legal prejudice. *See Smith v.*

6  *Lenches*, 263 F.3d 972, 975 (9th Cir. 2010).

7         Petitioner requested dismissal of his Petition after Respondent filed an answer, and a

8  stipulation to dismiss has not been filed in this case. *See* Dkt. 26. Thus, dismissal is proper only

9  through a Court order.

10        Here, Respondent concedes, and the Court finds, dismissal of this Petition will not

11  prejudice or unfairly impact Respondent. *See* Dkt. 27. The Court notes that, in his Response to

12  the Motion to Withdraw, Respondent put Petitioner on notice that Petitioner may be procedurally

13  barred from bringing a second habeas petition in this Court. *Id*. While Respondent does not

14  oppose the Motion to Withdraw, he also stated he did not oppose Petitioner's Motion to Stay. *Id*.

15  Petitioner did not file a reply to Respondent's Response to the Motion to Withdraw. Therefore,

16  the Court finds Petitioner's intention is to withdraw his Motion to Stay and dismiss this case

17  without prejudice. As Petitioner has moved for voluntary dismissal and as Respondent will not

18  be prejudiced by the dismissal, the Court concludes it is proper to allow Petitioner to voluntarily

19  dismiss this action without prejudice. *See Stevedoring Services of America v. Armilla Intern.*

20  *B.V.*, 889 F.3d 919, 921 (9th Cir. 1989) ("The purpose of the rule is to permit a plaintiff to

21  dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly

22  affected by dismissal." (internal citations omitted)).

23

24

**III.     Conclusion**

For the foregoing reasons, the Court recommends Petitioner's Motion to Withdraw (Dkt. 26) be granted, Petitioner's Motion to Stay (Dkt. 25) be denied as moot, and this action be dismissed without prejudice pursuant to Rule 41(a)(2).

As Petitioner has requested this case be dismissed, the Court finds any appeal of this matter would be frivolous. Thus, the Court finds a certificate of appealability should not be issued and Petitioner's *in forma pauperis* status should be revoked for purposes of any appeal.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on September 4, 2020, as noted in the caption.

Dated this 19th day of August, 2020.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4